UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| FRANK S. BRAVE HEART, Administrator for the Louis P. Brave Heart Estate,<br><br>Plaintiff,<br>vs.<br>DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, OGLALA LAKOTA TRIBE, and ROSEBUD SIOUX TRIBE,<br><br>Defendants. | 5:24-CV-05072-CBK<br><br>ORDER |

    Plaintiff filed a *pro se* complaint, a motion for leave to proceed *in forma pauperis* without the payment of the filing fee, and a motion for appointment of counsel. Plaintiff has made the requisite showing under 28 U.S.C. § 1915.

    The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment of fees if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

Plaintiff alleges due process violations occurred in connection with the 2015 probate of his father's estate.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Federally recognized Indian tribes possess sovereign immunity from suit in federal court. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). An Indian tribe is subject to suit in federal court "only if Congress has authorized the suit or the tribe has waived its immunity." Stanko v. Oglala Sioux Tribe, 916 F.3d 694, 696 (8th Cir. 2019). The Oglala Sioux tribe is a federal recognized Indian tribe. *Id.* The Rosebud Sioux Tribe is also a federally recognized Indian tribe. U.S. on Behalf of Cheyenne River Sioux Tribe v. State of S.D., 105 F.3d 1552, 1561 (8th Cir. 1997).

Plaintiff has failed to allege any action of the tribes or Congress that amounts to a waiver of the Tribes' sovereign immunity. Plaintiff's claims against the defendants Oglala Lakota Sioux Tribe and Rosebud Sioux Tribe are subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(2).

When a plaintiff is granted leave to file a federal complaint without prepayment of fees, the district court may order the service of process pursuant to 28 U.S.C. § 1915(d).

Plaintiff has filed a motion for the appointment of counsel. The Court is unable to discern at this time whether the appointment of counsel is necessary.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 6, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Plaintiff's motion, Doc. 2, for the appointment of counsel is denied.

3. Plaintiff's claims against defendants Oglala Lakota Sioux Tribe and Rosebud Sioux Tribe are dismissed upon initial review.

4. The Clerk of Courts shall provide plaintiff a separate summons and USM-285 form for defendants Department of Interior and Bureau of Indian Affairs and for the United States Attorney for the District of South Dakota and the United States Attorney General. Plaintiff shall compete and return to the Clerk of Courts a separate summons and USM-285 form for defendants. Upon receipt of the completed summons and USM-285 forms, the Clerk of Courts will issue the summonses.

5. The United States Marshals Service shall serve a copy of the summons and complaint upon the defendants. All costs of service shall be advanced by the United States.

6 In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

7. If the plaintiff fails to complete and return summons and the USM-285 forms as directed, this matter will be dismissed for failure to prosecute.

DATED this 7th of November, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4